**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



Dr. JANET E. RING,

            Plaintiff,

        v.

BOARD OF EDUCATION COMMUNITY
SCHOOL DISTRICT NO. 60, Lake County
Illinois, JEFF McBRIDE, FERNANDO
SHIPLEY, MARVIN REDDICK and
ANITA HANNA,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

**DOCKETED**

OCT 2 1 2003

03C 7397

Case No.

JUDGE RONALD GUZMAN

JURY DEMAND

MAGISTRATE JUDGE NOLAN

FILED
OCT 20 PH 2: 57
CLERK
U.S. DISTRICT COURT

## COMPLAINT

      NOW COMES the plaintiff Dr. Janet E. Ring, by her attorney John B. Murphey and

Rosenthal, Murphey & Coblentz, and complaining of defendants states:

### I.    INTRODUCTION

      1.    This is a civil rights action. Plaintiff is a career professional educator employed by

defendant Board of Education as the District's Associate Superintendent for Curriculum and

Instruction. On September 9, 2003 plaintiff was removed from her position and transferred to a

position of greatly diminished professional responsibility, prestige, and recognition. The reason

plaintiff was so transferred is because she is white and the four individual members of the Board of

Education who voted to transfer her are black. This transfer violates plaintiff's right to equal

protection under the Fourteenth Amendment. Plaintiff seeks redress for this constitutional violation.

### II.    JURISDICTION AND VENUE

      2.    This court has jurisdiction pursuant to 42 U.S.C. §1343 and 42 U.S.C. Section 1983.

3.     Defendant Board of Education and the individual defendants are located in the Northern District of Illinois Eastern Division.


III.    **PARTIES**

4.     Plaintiff is a resident of Gurnee, Illinois. Plaintiff's race is white.

5.     Defendant Board of Education (the "Board") is a school district providing elementary and secondary (high school) services. The District's boundaries roughly encompass the City of Waukegan. Defendants McBride, Shipley, Reddick and Hanna (sometimes hereinafter the "Individual Defendants") represent four members of the seven member Board of Education. The individual defendants are black (African American).


IV.    **NATURE OF PLAINTIFF'S CLAIM**

6.     On July 11,, 2000, plaintiff was hired by the Board as Associate Superintendent for Curriculum and Instruction.

7.     Plaintiff's position answers directly to the Superintendent of School. The Superintendent is the Chief Executive Officer of the Board.

8.     As Associate Superintendent for the Department of Curriculum and Instruction, plaintiff performed a wide range of essential responsibilities. She was responsible for administering a budget in excess of $6,000,000. She supervised 18 professional and clerical staff members.

9.     Following the April 2003 election for school board members, the racial makeup of the Board of Education became composed of four blacks and three non-blacks. Upon obtaining voting control of the Board, the Individual Defendants decided to remove plaintiff from her position.

-2-

10.   There was and is absolutely no legitimate nondiscriminatory basis for the Board to fire or transfer plaintiff. At all times relevant hereto plaintiff performed her job responsibilities in an exemplary manner.

11.   The Superintendent of Schools, as Chief Executive Officer, and the individual most qualified to judge plaintiff's performance, approved of such performance and supported plaintiff's continued appointment as Associate Superintendent for Curriculum and Instruction.

12.   At the June 2003 School Board meeting defendant Shipley moved and defendant Reddick seconded a motion that plaintiff be fired from her position. This motion and second were racially motivated. The motion and second were based solely on defendants' desires to remove plaintiff from her high ranking administrative position based on the color of her skin.

13.   Action on said motion was deferred based on advice of the District's attorney. The Individual Defendants thereupon directed that the termination of plaintiff be considered as an action item at the regular meeting to be held on July 15, 2003. Subsequently, the Individual Defendants directed the Superintendent of Schools to transfer plaintiff to another position. This direction by the Individual Defendants was racially motivated. It was based solely on a desire by the Individual Defendants to remove plaintiff as a white person from this high ranking administrative position within the School District.

14.   On September 9, 2003 the Individual Defendants voted to remove plaintiff from her position as Associate Superintendent for Curriculum and Instruction. The other three board members voted against the transfer.

15.   The decision to remove plaintiff from her position was motivated by race. The individual defendants removed plaintiff from her position solely because of her race.

-3-

16.     During the course of the removal process, one of the defendants stated to a staff member that the Board could not initially hire a black person to replace plaintiff because that would further demonstrate that plaintiff's removal was an act of racism.

17.     Subsequently, plaintiff was transferred to a newly created position called "Associate Superintendent/Program Development." This position was nonexistent prior to the removal of plaintiff from her position. In fact, the plaintiff was directed to make up the job title and job description. The new position has no meaningful responsibility comparable to her prior position. Where plaintiff once had a complex office, a staff and important professional responsibilities within the District, she now has a small isolated office, no staff, a minimal budget, and no authority compared to that which she held prior to the retaliatory transfer. The retaliatory transfer has thus stigmatized plaintiff in the educational community.

18.     In addition, the newly created position carries diminished responsibility and deprives plaintiff of the position to which she was hired and to which her skills are suited. The newly created position is viewed by fellow administrators, faculty, and others within the school community as a demotion.

19.     Plaintiff aspires to be a superintendent. The defendants' removal of plaintiff from her position as Associate Superintendent of Curriculum and Instruction and their demotion of her to a job which did not exist in Board policy at the time of her transfer and which was made up only to have a place to relegate her in lieu of an outright termination has stigmatized plaintiff and will impair plaintiff's ability to obtain a superintendency or comparable professional employment in the future.

-4-

20.     As such, the action of defendants in removing plaintiff from her position amounts to an adverse employment action.

21.     The conduct of defendants as described above was racially motivated and violative of plaintiff's right to equal protection of the law as secured by the Fourteenth Amendment to the United States Constitution. The conduct of defendants as described above was not accompanied by a pre-demotion hearing. The "transfer" of plaintiff to a position of substantially reduced professional responsibilities coming as it did on the heels of the threats by the Individual Defendants to fire plaintiff has stigmatized plaintiff constitutes a violation of plaintiff's liberty interest under the due process clause of the Fourteenth Amendment.

22.     As a result of defendants' unconstitutional action plaintiff has suffered emotional distress, humiliation, and has otherwise been injured. Plaintiff's opportunities for future employment have been impaired.

23.     The conduct of the individual defendants was intentional and wilful.


WHEREFORE, plaintiff prays as follows:

A.     That this cause be set for trial.

B.     That plaintiff be awarded damages in an amount not less than Five Hundred Thousand Dollars ($500,000) from all defendants.

C.     That plaintiff be awarded punitive damages against the Individual Defendants in an amount as determined by the jury.

D.     That plaintiff be awarded her attorney's fees pursuant to 42 U.S.C. §1988.

E.     That plaintiff be awarded such other or additional relief as is appropriate under the circumstances.

DR. JANET E. RING

By: _____
     John B. Murphey, her attorney

John B. Murphey
ARDC #1992635
Rosenthal, Murphey & Coblentz
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Teleph # (312) 541-1072
Fax # (312) 541-9191

G:\rmcj\Ring\Compliant.wpd

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

03C 7397

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing ~~~~~~ ~~~ as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the ~~~~~~ ~~~~~ ~~~~~~ ~~~ ~~~ use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DR. JANET E. RING

**DEFENDANTS**

BOARD OF EDUCATION COMMUNITY SCHOOL DISTRICT
NO. 60, LAKE COUNTY, ILLINOIS, JEFF MC BRIDE,
FERNANDO SHIPLEY, MARVIN REDDICK AND
ANITA HANNA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ LAKE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ LAKE
(IN U.S. PLAINTIFF CASES ONLY)

~~~~ LAND CONDEMNATION ~~~~ ~~~ ~~~ ~~~~~~~ ~~
TRACT OF LAND INVOLVED.

DOCKETED

JUDGE RONALD GUZMAN

OCT 21 2003

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John B. Murphey
Rosenthal, Murphey & Coblentz
30 N. LaSalle St. Suite 1624
Chicago, IL 60602 312-541-1070

~~~~~~~~~ ~~ ~~~~~)

MAGISTRATE JUDGE NOLAN

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒☒ Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med. Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Wrongful employment actions based on race, in violation of the 14th Amendment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. This case

☐ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE
10-20-03

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

NOTE: When the print dialogue
box appears, be sure to
uncheck the Annotations option.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### Eastern Division



Double click on question
mark for appearance form
instructions

In the Matter of

DR. JANET E. RING,                    Plaintiff

v.

BOARD OF EDUCATION COMMUNITY SCHOOL DIST.
60, LAKE COUNTY ILLINOIS, JEFF MC BRIDE,
FERNANDO SHIPLEY, MARVIN REDDICK & ANITA
HANNA,                               Defendants.

Case Number: **03C 7397**

JURY DEMAND JUDGE RONALD GUZMAN

MAGISTRATE JUDGE NOLAN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Dr. Janet E. Ring

| (A) | | | (B) | | |
|---|---|---|---|---|---|
| SIGNATURE | | | SIGNATURE | | |
| NAME **JOHN B. MURPHEY** | | | NAME | | |
| FIRM **ROSENTHAL, MURPHEY & COBLENTZ** | | | FIRM | | |
| STREET ADDRESS **30 N. LA SALLE ST. SUITE 1624** | | | STREET ADDRESS | | |
| CITY/STATE/ZIP **CHICAGO, IL 60602** | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER **312-541-1070** | | | TELEPHONE NUMBER | | |
| IDENTIFICATION NUMBER **ARDC # 1992635** | | | IDENTIFICATION NUMBER | | |
| MEMBER OF TRIAL BAR? | YES [X] | NO [ ] | MEMBER OF TRIAL BAR? | YES [ ] | NO [ ] |
| TRIAL ATTORNEY? | YES [X] | NO [ ] | TRIAL ATTORNEY? | YES [ ] | NO [ ] |
| | | | DESIGNATED AS LOCAL COUNSEL? | YES [ ] | NO [ ] |
| (C) | | | (D) | | |
| SIGNATURE | | | SIGNATURE | | |
| NAME | | | NAME | | |
| FIRM | | | FIRM | | |
| STREET ADDRESS | | | STREET ADDRESS | | |
| CITY/STATE/ZIP | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER | | | TELEPHONE NUMBER | | |
| IDENTIFICATION NUMBER | | | IDENTIFICATION NUMBER | | |
| MEMBER OF TRIAL BAR? | YES [ ] | NO [ ] | MEMBER OF TRIAL BAR? | YES [ ] | NO [ ] |
| TRIAL ATTORNEY? | YES [ ] | NO [ ] | TRIAL ATTORNEY? | YES [ ] | NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? | YES [ ] | NO [ ] | DESIGNATED AS LOCAL COUNSEL? | YES [ ] | NO [ ] |

DOCKETED
OCT 2 1 2003

FILED-EDS
03 OC 20 PM 2:57
CLERK
U.S. DISTRICT COURT