UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 0 6 2004

| | | |
|---|---|---|
| DR. JANET E. RING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03 C 7397 |
| | ) | |
| BOARD OF EDUCATION COMMUNITY | ) | Judge Guzman |
| SCHOOL DISTRICT NO. 60, | ) | |
| LAKE COUNTY, ILLINOIS, | ) | |
| JEFF McBRIDE, FERNANDO SHIPLEY, | ) | |
| MARVIN REDDICK and ANITA HANNA, | ) | |

## NOTICE OF FILING

TO:  John B. Murphey                     John L. Joanem
     Rosenthal, Murphey & Coblentz       521 Clayton Street
     30 North LaSalle Street, Suite 1624 Waukegan, IL 60085
     Chicago, IL 60602

PLEASE TAKE NOTICE that on **January 5, 2004**, I filed in the United States District Court for the Northern District of Illinois, Eastern Division, Dirksen Federal Building, 219 South Dearborn, Chicago, Illinois, the attached **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BOARD OF EDUCATION SCHOOL DISTRICT 60 AND ANITA HANNA**, a copy of which is hereby attached and served upon you.

Stephanie A. Benway

Thomas G. DiCianni
Stephanie A. Benway
ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI & ROLEK, P.C.
140 South Dearborn Street, Suite 600
Chicago, Illinois 60603
(312) 782-7606

## CERTIFICATE OF SERVICE

Carol Donovan, a non-attorney, certify that a copy of the foregoing document was served upon the attorney of record, by placing said document in an envelope properly addressed to him at his respective address, and depositing the same in the U.S. Mail at 140 South Dearborn Street, Chicago, Illinois 60603, with proper postage prepaid on **January 5, 2004.**

Carol Donovan

[X] I declare under penalty of perjury under the laws of the
    United States of America that the foregoing information
    contained in the Certificate of Service is true and
    correct.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. JANET E. RING, )
)
    Plaintiff, ) Case No. 03 C 7397
)
vs. ) Judge Guzman
)
BOARD OF EDUCATION COMMUNITY )
SCHOOL DISTRICT NO. 60, Lake County, )
Illinois, JEFF MCBRIDE, FERNANDO SHIPLEY, )
MARVIN REDDICK and ANITA HANNA, )
)
    Defendants. )

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BOARD OF EDUCATION SCHOOL DISTRICT 60 AND ANITA HANNA

The Defendants, Board of Education Community School District No. 60 (the "District") and Anita Hanna ("Hanna") (collectively "Defendants"), by and through their attorneys, Ancel, Glink, Diamond, Bush, DiCianni & Rolek, P.C., hereby submit their Answer and Affirmative Defenses as follows:

1.     This is a civil rights action. Plaintiff is a career professional educator employed by defendant Board of Education as the District's Associate Superintendent for Curriculum and Instruction. On September 9, 2003 plaintiff was removed from her position and transferred to a position of greatly diminished professional responsibility, prestige, and recognition. The reason plaintiff was so transferred is because she is white and the four individual members of the Board of Education who voted to transfer her are black. This transfer violates plaintiff's right to equal protection under the Fourteenth Amendment. Plaintiff seeks redress for this constitutional violation.

**ANSWER:**     Defendants admit that this is an action alleging violation of plaintiff's civil rights,



but deny any such violation. Defendants admit that Plaintiff is employed by the District and on September 9, 2003, she was transferred from her position to a new position. Defendants deny the remaining allegations of Paragraph 1.

2. This court has jurisdiction pursuant to 42 U.S.C. §1343 and 42 U.S.C. Section 1983.

**ANSWER:** Defendants admit the court's jurisdiction.

3. Defendant Board of Education and the individual defendants are located in the Northern District of Illinois.

**ANSWER:** Defendants admit Paragraph 3.

4. Plaintiff is a resident of Gurnee, Illinois. Plaintiff's race is white.

**ANSWER:** Defendants admit Paragraph 4.

5. Defendant Board of Education (the "Board") is a school district providing elementary and secondary (high school) services. The District's boundaries encompass the City of Waukegan. Defendants McBride, Shipley, Reddick and Hanna (sometimes hereinafter the "Individual Defendants") represent four members of the seven member Board of Education. The individual defendants are black (African American).

**ANSWER:** Defendants admit Paragraph 5.

6. On July 11, 2000, plaintiff was hired by the Board as Associate Superintendent for Curriculum and Instruction.

**ANSWER:** Defendants admit Paragraph 6.

7. Plaintiff's position answers directly to the Superintendent of School (*sic*). The Superintendent is the Chief Executive Officer of the Board.

**ANSWER:** Defendants admit Paragraph 7.

8. As Associate Superintendent for the Department of Curriculum and Instruction, plaintiff performed a wide range of essential responsibilities. She was responsible for administering a budget in excess of $6,000,000. She supervised 18 professional and clerical staff members.

**ANSWER:** Defendants admit Paragraph 8.

9. Following the April 2003 election for school board members, the racial makeup of the Board of Education became composed of four blacks and three non-blacks. Upon obtaining voting control of the Board, the Individual Defendants decided to remove plaintiff from her position.

**ANSWER:** Defendants admit that following the April 2003 school board election, the racial makeup of the Board changed but deny the remaining allegations of Paragraph 9.

10. There was and is absolutely no legitimate nondiscriminatory basis for the Board to fire or transfer plaintiff. At all times relevant hereto plaintiff performed her job responsibilities in an exemplary manner.

**ANSWER:** Defendants deny that they fired or transferred plaintiff, and deny the remaining the allegations of Paragraph 10.

11. The Superintendent of Schools, as Chief Executive Officer, and the individual most qualified to judge plaintiff's performance, approved of such performance and supported plaintiff's continued appointment as Associate Superintendent for Curriculum and Instruction.

**ANSWER:** Defendants admit only that the Superintendent approved some, but not all of Plaintiff's performance and supported Plaintiff's continued appointment as Associate Superintendent of Curriculum and Instruction. Defendants deny the remaining allegations of Paragraph 11.

12. At the June 2003 School Board meeting defendant Shipley moved and defendant Reddick seconded a motion that plaintiff be fired from her position. This motion and second were racially motivated. The motion and second were based solely on defendants' desire to remove plaintiff from her high ranking administrative position based on the color of her skin

**ANSWER:** Defendants deny Paragraph 12.

13. Action on said motion was deferred based on advice of the District's attorney. The Individual Defendants thereupon directed the termination of plaintiff be considered as an action item at the regular meeting to be held on July 15, 2003. Subsequently, the Individual Defendants directed the Superintendent of Schools to transfer plaintiff to another position. This direction by the Individual Defendants was racially motivated. It was based solely on a desire by the Individual Defendants to remove plaintiff as a white person from this high ranking administrative position within the School District.

3

**ANSWER:** Defendants admit that action on the motion was deferred based on the advice of the District's attorney, but deny the remaining allegations of Paragraph 13.

14. On September 9, 2003 the Individual Defendants voted to remove plaintiff from her position as Associate Superintendent for Curriculum and Instruction. The other three board members voted against the transfer.

**ANSWER:** Defendants admit that on September 9, 2003, the Individual Defendants voted to change plaintiff's job responsibilities, and that the other three board members voted against it. Defendants deny the remaining allegations of Paragraph 14.

15. The decision to remove plaintiff from her position was motivated by race. The individual defendants removed plaintiff from her position solely because of her race.

**ANSWER:** Defendants deny Paragraph 15.

16. During the course of the removal process, one of the defendants stated to a staff member that the Board could not initially hire a black person to replace plaintiff, because that would further demonstrate that plaintiff's removal was an act of racism.

**ANSWER:** Defendants lack knowledge or information sufficient to form a basis as to Paragraph 16.

17. Subsequently, plaintiff was transferred to a newly created position called "Associate Superintendent/Program Development." This position was nonexistent prior to the removal of plaintiff from her position. In fact, the plaintiff was directed to make up the job title and job description. The new position has no meaningful responsibility comparable to her prior position. Where plaintiff once had a complex office, a staff and important professional responsibilities within the District, she now has a small isolated office, no staff, a minimal budget, and no authority compared to that which she held prior to the retaliatory transfer. The retaliatory transfer has thus stigmatized plaintiff in the educational community.

**ANSWER:** Defendants admit that plaintiff was given newly created position under the title of "Associate Superintendent/Program Development," and that the title did not exist before. Defendants admit that plaintiff participated in the development of the job description and title, but deny that plaintiff was directed to make up the job title and job description. Defendants also deny

4

that the new position has no meaningful responsibility compared to the prior position. Defendants admit that plaintiff now has a smaller staff, and a smaller office and a smaller budget but Defendants deny the remaining allegations of Paragraph 17.

18. In addition, the newly created position carries diminished responsibility and deprives plaintiff of the position to which she was hired and to which her skills are suited. The newly created position is viewed by fellow administrators, faculty, and others within the school community as a demotion.

**ANSWER:** Defendants deny Paragraph 18.

19. Plaintiff aspires to be a superintendent. The defendants' removal of plaintiff from her position as Associate Superintendent of Curriculum and Instruction and their demotion of her to a job which did not exist in Board policy at the time of her transfer and which was made up only to have a place to relegate her in lieu of an outright termination has stigmatized plaintiff and will impair plaintiff's ability to obtain a superintendency or comparable professional employment in the future.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to plaintiff's aspirations to be a superintendent, but deny the remaining allegations of Paragraph 19.

20. As such, the action of defendants in removing plaintiff from her position amounts to an adverse employment action.

**ANSWER:** Defendants deny Paragraph 20.

21. The conduct of defendants as described above was racially motivated and violative of plaintiff's right to equal protection of the law as secured by the Fourteenth Amendment to the United States Constitution. The conduct of defendants as described above was not accompanied by a pre-demotion hearing. The "transfer" of plaintiff to a position of substantially reduced professional responsibilities coming as it did on the heels of the threats by the Individual Defendants to fire plaintiff has stigmatized plaintiff constitutes a violation of plaintiff's liberty interest under the due process clause of the Fourteenth Amendment.

**ANSWER:** Defendants admit that the change of plaintiff's responsibilities was not accompanied by a hearing, but deny the remaining allegations of Paragraph 21.

22. As a result of defendants' unconstitutional action plaintiff has suffered emotional distress, humiliation, and has otherwise been injured. Plaintiff's opportunities for future employment have been impaired.

**ANSWER:** Defendants deny Paragraph 22.

23. The conduct of the individual defendants were intentional and willful.

**ANSWER:** Defendants deny Paragraph 23.

### AFFIRMATIVE DEFENSES

Without prejudice to Defendants' prior denials, the Defendants state the following as their affirmative defenses:

1. Plaintiff's complaint fails to state a claim on which relived could be stated.

2. Defendant Hanna has absolute immunity from liability in that she at all times relevant to Plaintiff's claim acted in a legislative capacity.

3. Defendant Hanna has qualified immunity in that the law was not clearly established that any of her actions were unconstitutional.

4. Plaintiff failed to mitigate her damages.

WHEREFORE, Defendants Board of Education Community School District No. 60 and Anita Hanna pray that this Court grant judgment in their favor and against Plaintiff, and for any such further relief as is equitable and just.

Respectfully submitted,
Community School District No. 60 & Anita Hanna

By: _____
One of their attorneys

Thomas G. DiCianni
Stephanie A. Benway
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & ROLEK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax

L:\SBENWAY\MY DOCUMENTS\SCHOOLS\WAUKEGAN SD 60\RING V SD 60\ANSWER.WPD /