# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7397 | **DATE** | 7/26/2004 |
| **CASE TITLE** | DR. JANET E. RING vs. BD OF ED COMMUNITY SCHOOL DIST 60 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: This Court grants Plaintiff's motion to strike as to Defendants' Affirmative Defense I, and such defense is dismissed without prejudice [doc. no. 18-1]. The Court denies Plaintiff's motion as to Affirmative Defenses II, III, and IV.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUL 27 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 26 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 2004 JUL 26 PM 2:04 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. JANET. E. RING,

    Plaintiff,

v.

BOARD OF EDUCATION COMMUNITY
SCHOOL DISTRICT NO. 60, Lake County,
Illinois, JEFF MCBRIDE, FERNANDO
SHIPLEY, MARVIN REDDICK, and
ANITA HANNA,

    Defendants.

Judge Ronald A. Guzmán

03 C 7397

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dr. Janet E. Ring ("Plaintiff") has sued defendants Board of Education Community School District No. 60 ("the Board") and Anita Hanna ("Hanna") (collectively "Defendants"), Jeff McBride, Fernando Shipley, and Marvin Reddick for deprivation of her equal rights pursuant to 42 U.S.C. § 1983 ("§ 1983"). Defendants have raised Affirmative Defenses I-IV, and before the court is Plaintiff's motion to strike those affirmative defenses pursuant to Federal Rule of Civil Procedure ("Rule") 12(f). For the reasons provided in this Memorandum Opinion and Order, the motion is granted in part and denied in part.

## FACTS

On July 11, 2000, Plaintiff was hired by the seven elected members of the Board as Associate Superintendent for Curriculum and Instruction. (Defendants' Answer and Affirmative Defenses ¶ 6 ("Defs.' Answer").) Plaintiff's position reported directly to the Superintendent of School, who is also the Chief Executive Officer of the Board, and provided Plaintiff with a wide range of responsibilities, including administering a budget in excess of $6,000,000 and the supervision of eighteen professional and clerical staff members. (*Id.* ¶¶ 7-8.)

Following the April 2003 School Board elections, the racial makeup of the Board was composed of four African Americans, who are the defendants in this case, and three non-African Americans. (*Id.* ¶ 9.) Plaintiff is Caucasian. (*Id.* ¶ 4.) In June 2003, defendant Shipley moved and defendant Reddick seconded the motion to terminate Plaintiff's position as Associate Superintendent of Curriculum and Instruction; however the Board's attorney advised Defendants to defer acting immediately on this motion. (*Id.* ¶¶ 12-13.)

On September 9, 2003, defendants voted to remove Plaintiff from her position. (*Id.* ¶ 14.) The three non-defendant Board members voted against this removal, and the Superintendent of Schools also supported Plaintiff's continued appointment as Associate Superintendent of Curriculum and Instruction. (*Id.* ¶¶ 11, 14.) Plaintiff alleges there was no legitimate nondiscriminatory basis for the Board to fire or transfer her. (*Id.* ¶ 10.) Plaintiff also alleges that during the course of the removal process, one of the defendants stated to a staff member that the Board could not initially hire a black person to replace plaintiff, as that would further demonstrate that Plaintiff's removal was an act of racism.

(*Id.* ¶16.)

Plaintiff was then transferred to a newly created position under the title of Associate Superintendent/Program Development which consisted of a smaller staff, office, and budget than Plaintiff's previous job did. (*Id.* ¶ 17.) Plaintiff also participated in the development of the job description and title of this new position. (*Id.*) Plaintiff alleges that the transfer was a demotion and was not accompanied by a pre-demotion hearing. (*Id.* ¶¶ 18, 21.)

## DISCUSSION

The proper procedure by which a plaintiff may challenge an affirmative defense is through a motion to strike. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982). In a motion to strike, pursuant to Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are not generally favored or granted unless the plaintiff can prove that the defense is insufficient and could not, after the development of a fuller record, succeed in defeating the plaintiff's claim. *Lirtzman v. Spiegel, Inc.*, 493 F. Supp. 1029, 1031 (N.D. Ill. 1980). Before a motion to strike affirmative defenses can be granted, the court must be convinced that no questions of fact exist, and any questions of law are clear and undisputed. *Id.*

Courts in this district have traditionally applied a three-part inquiry when examining affirmative defenses subject to a motion to strike: (1) whether the matter is properly and concisely pleaded as an affirmative defense; (2) whether the matter is adequately pleaded under the requirements of Fed. R. Civ. P. 8 and 9; (3) whether the

affirmative defense meets the Rule 12(b)(6) standard, where the defendants can prove a set of facts in support of the affirmative defense that would defeat the complaint. *Bobbitt*, 532 F. Supp. at 737.

Rule 8(c) lists nineteen specific affirmative defenses to a complaint, and further includes a catch-all reference for "any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c); *see Maloney v. Rice*, No. 86 C 6026, 1988 WL 53175, at *1 (N.D. Ill. May 16, 1988). "In answering a complaint and asserting affirmative defenses under Fed. R. Civ. P. 8(c), a defendant concedes that the complaint states a claim, but contends that other facts nonetheless defeat recovery." *Flasza v. TNT Holland Motor Express, Inc.*, 155 F.R.D. 612, 613 (N.D. Ill. 1994). A properly pleaded affirmative defense raises matters outside the scope of the plaintiff's prima facie case. *Sayad v. Dura Pharms., Inc.*, 200 F.R.D. 419, 422 (N.D. Ill. 2001).

Affirmative defenses are subject to all the pleading requirements under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(c); *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). Additionally, under Rule 12(b)(6), the court accepts all factual allegations as true and draws all reasonable inferences in favor of the pleader. *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 853 (7th Cir. 1999). While the affirmative defense need only set forth a short and plain statement of the defense asserted, if it is insufficient on its face or consists of merely a "bare bones, conclusory allegation," it must be stricken. *Flasza*, 155 F.R.D. at 612.

### A. Affirmative Defense I ("Failure to State a Claim")

With regard to Affirmative Defense I, Defendants argue that while it is proper to

raise the failure to state a claim by a motion under Rule 12(b)(6), that is not the only way. (Defs.' Resp. Pl.'s Mot. Strike Affirm. Defenses ("Defs. Resp.") ¶¶ 3-4.) Defendants indicate that Appendix Form 20 of the Appendix to the Federal Rules of Civil Procedure ("Form 20") states that "a failure to state a claim upon which relief can be granted" is an appropriate defense. Within the Northern District of Illinois, there has been some disagreement as to whether a failure to state a claim may properly be raised as an affirmative defense. *Instituto Nacional de Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 991 (N.D. Ill. 1983).

Some courts in this district have held that an allegation of failure to state a claim is referred to as merely a "defense" and not an "*affirmative* defense" in Form 20, and is therefore not a true affirmative defense. *See Sayad*, 200 F.R.D. at 422-23. Such courts state that failing to state a claim is an ordinary defense and merely a denial of the plaintiff's complaint, while affirmative defenses require the defendant to raise matters outside the scope of the plaintiff's complaint. *See Sanchez v. La Rose Del Monte Express, Inc.*, No. 94 C 3602, 1994 WL 603901, at *2 (N.D. Ill. Nov. 1, 1994).

Alternatively, other courts in this district have held that failing to state a claim is an appropriate affirmative defense and Form 20, which lists model defenses, authorizes the use of a failure to state a claim as an affirmative defense. *Builders Bank v. First Bank & Trust Co.*, No. 03 C 4959, 2004 WL 626827, at *2 (N.D. Ill. Mar. 25, 2004); *Mendrala v. Crown Mortgage Co.*, No. 88 C 7386, 1990 WL 60705, at *3 (N.D. Ill. Apr. 23, 1990); Fed. R. Civ. P., App. Form 20. "Federal Rule of Civil Procedure 84 specifically authorizes the use of such defenses in pleadings, stating that, '[t]he forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the

5

simplicity and brevity of statement which the rules contemplate.'" *Builders Bank*, 2004 WL 626827, at *2 (quoting Fed. R. Civ. P. 84). Such courts hold that alleging a failure to state a claim, with a sufficiently "short and plain statement" describing why the complaint does not state a claim, provides the plaintiff with adequate notice of the nature of the defendant's affirmative defense. *Id.* at *3; Fed. R. Civ. P. 8(a).

Agreeing with the latter courts, this Court holds that Form 20 allows the use of "failure to state a claim" as an appropriate affirmative defense. *Id.*; Fed. R. Civ. P. 84; Fed. R. Civ. P., App. Form 20. However, "[e]ven those courts that have allowed a party to assert a defense of failure to state a claim, however, have not read the Federal Rules so liberally as to allow the bare recitation of the legal standard ('failure to state a claim') without a short and plain statement of the basis for the defense, as is required by Rule 8(a)." *Builders*, No. 03 C 4959, 2004 WL 626827, at *3.

In the present matter, Defendants have not set forth a short and plain statement as to why the complaint fails to state a claim, making the affirmative defense insufficient and merely a "bare bones, conclusory allegation." *See Flasza*, 155 F.R.D. at 612. As a result, the Court grants Plaintiff's motion to strike Affirmative Defense I.

### B. Affirmative Defenses II ("Absolute Immunity") and III ("Qualified Immunity")

First, with regard to Affirmative Defenses II ("Absolute Immunity"), Defendants argue that absolute immunity is based on defendant Hanna having acted within a legislative capacity. (Defs.' Resp. ¶ 5.) Defendants point out that "whether or not defendant Hanna has legislative immunity turns not on her mental state, but on the nature of the act." *Id.* (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998)). Plaintiff states

6

that school board members do not act in a legislative capacity while making individual employment decisions, but provides no law in support of her conclusion. (Pl.'s Mot. Dismiss Certain Affirm. Defenses ("Pl.'s Mot.") ¶ 7.)

Such absolute immunity applies only to legislators acting in their legislative capacities, and administrative or executive acts are not protected. *Weissmann v. Carroll*, No. 02 C 4303, 2003 WL 685870, at *3 (N.D. Ill. Feb. 27, 2003). The hiring, firing, or transferring of employees is traditionally an administrative function, not a legislative one, and administrative acts are not subject to legislative immunity. *Id.* An exception arises, however, when an employee has some opportunity for meaningful input into the legislative process, or the employee's absolute support is required in aiding a political supervisor. *Id.* at *3-4; *Elrod v. Burns*, 427 U.S. 347, 367 (1976). In such situations, the decision to hire, fire, or transfer these employees is within the scope of legislative conduct. *Elrod, 427 U.S. at 367*.

Courts have also held that officials acting for the public good, even when such actions result in decisions made about specific individuals, may be entitled to absolute immunity when the nature of their actions fall within a legislative capacity. *Bogan*, 523 U.S. 44, 55 (1998). Such immunity is not automatic and must be determined on a case-by-case basis. *Id.*

In the present matter, Plaintiff did participate in the development of her new job description and title, but the parties offer no information as to whether Plaintiff offered meaningful input into the Board's activities. (Defs.' Answer ¶ 17.); *Weissmann*, 2003 WL 685870, at *3. The Court requires additional information to assess whether defendant Hanna acted within a legislative capacity in order to determine whether

7

absolute immunity should be granted. Accordingly, it would be inappropriate to strike the absolute immunity defense at this point, and Plaintiff's motion to strike Affirmative Defense II is denied.

Second, with regard to Affirmative Defense III ("Qualified Immunity"), Plaintiff argues that the law is clearly established that a person cannot discriminate against an employee based on race, and a reasonable public official would know such actions were unconstitutional. (Pl.'s Mot. ¶ 8.) Pursuant to the Fourteenth Amendment to the U.S. Constitution, it is unlawful for any State to deprive another of the right to equal protection. U.S. Const. amend. XIV § 1. Defendants argue that qualified immunity turns not on generalized statements of the law, but rather on whether the particular conduct of the defendant was clearly unconstitutional. (Defs.' Resp. ¶ 6.)

The defense of qualified immunity is available only to officials sued in their individual capacities, and whether such immunity exists depends upon the objective reasonableness of the action evaluated in terms of the laws that were clearly established at the time the action occurred. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *Maloney*, 1988 WL 53175, at *1. In evaluating qualified immunity, courts should avoid "an improper level of generality" because the "question of qualified immunity . . . necessitates a much more specific factual finding." *Rakovich v. Wade*, 850 F.2d 1180, 1211 (7th Cir. 1988). The court must ask whether it was clearly established that under the particular facts of the case it was improper for defendant to engage in his or her conduct. *Id.* "It is the filling in of facts from the particular case that shapes the query to comport with *Anderson*." *Id.* Thus, if any material issues of fact exist, this defense cannot be stricken. *Lirtzman*, 493 F. Supp. at 1031.

8

In the present matter, Plaintiff alleges a violation of her equal protection rights as granted under the Fourteenth Amendment to the U.S. Constitution because she alleges her demotion was racially motivated. It is clear that racially motivated employment decisions do violate equal protection rights. However, the question here is whether, given the facts of this particular case, it was clearly established under the facts of this case that it was discriminatory to demote Plaintiff and that a reasonable person in Hanna's position would have known that removing Plaintiff from her position violated her equal protection rights. *See McPhaul v. Bd. of Comm'rs of Madison County*, 226 F.3d 558, 565 (7th Cir. 2000); *see Hamilton v. City of Chicago*, No. 93 C 3342, 1993 WL 535351, at * 4 (N.D. Ill. Dec. 17, 1993).

Defendants argue that the decision to remove Plaintiff from her previous position was neither motivated by race or a racist act by its nature, and Plaintiff has not established that this affirmative defense is insufficient and could not, after the development of a fuller record, successfully defeat Plaintiff's complaint. The Court requires additional information to determine whether qualified immunity applies in this case. Plaintiff's motion to strike Affirmative Defense III is denied, and the parties may opt to raise the issue of qualified immunity at a more appropriate time, i.e., on a motion for summary judgment.

## C. Affirmative Defense IV ("Failure to Mitigate Damages")

With regard to Affirmative Defense IV ("Failure to Mitigate Damages"), Plaintiff argues that this defense goes to damages, not liability, and it therefore does not qualify as an affirmative defense. (Pl.'s Mot. ¶ 5.) Plaintiff also argues that Defendants deny

9

Plaintiff had any damages; as such a defense is a matter dealing with set off as to damages. (*Id.*) Defendants argue that affirmative defenses can be directed at damages, and thus "Failure to Mitigate" is an appropriate affirmative defense. (Defs.' Resp. ¶ 7.)

Failure to mitigate damages, as opposed to liability, is an appropriate affirmative defense under Fed. R. Civ. P. 8(c). *Hanna v. Am. Motors Corp.*, 724 F.2d 1300, 1306 (7th Cir. 1984). Once the plaintiff has established the amount of damages she claims resulted from her employer's conduct, the defendants bear the burden of proving that the plaintiff failed to mitigate her damages. *Id.*; *see Williams v. Jader Fuel Co. Inc.*, 944 F.2d 1388, 1401 (7th Cir. 1991); *EEOC v. Gurnee Inn Corp.*, 914 F.2d 815, 819 (7th Cir. 1990).

To establish the affirmative defense of failure to mitigate damages, the defendants must prove that the plaintiff was not reasonably diligent in seeking other employment, protecting her reputation, or otherwise preventing the damages complained of. *Sheehan v. Donlen Corp*, 173 F.3d 1039, 1049 (7th Cir. 1999); *Hutchison v. Amateur Elec. Supply*, 42 F.3d 1037, 1044 (7th Cir. 1994). The party raising the affirmative defense must also prove that the plaintiff had a reasonable opportunity to find comparable employment or prevent such damages, without experiencing undue risk, humiliation, or expense. *Sheehan*, 173 F.3d at 1049; *RIV VIL, Inc. v. Tucker*, 979 F. Supp. 645, 660 (N.D. Ill. 1997).

In the present matter, Plaintiff has alleged the amount of damages she suffered as a result of Defendants' alleged actions. (Compl. ¶ IV B.) Failure to mitigate those damages is an appropriate affirmative defense, and Defendants must be afforded an opportunity to establish such an affirmative defense. *See Williams.*, 944 F.2d at 1401.

Thus, Plaintiff's motion to strike Affirmative Defense IV is denied.

## CONCLUSION

For the foregoing reasons, this Court grants Plaintiff's motion to strike as to Defendants' Affirmative Defense I, and such defense is dismissed without prejudice [doc. no. 18-1]. The Court denies Plaintiff's motion as to Affirmative Defenses II, III, and IV.

**SO ORDERED**                     **ENTERED:** 7/26/04

*Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States Judge**